**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CURTIS SCOTT, | No. 12-16561 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-02227-GEB-CKD |
| v. | |
| RAUL LOPEZ, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Argued and Submitted October 7, 2014
San Francisco, California

Before: W. FLETCHER and WATFORD, Circuit Judges, and DUFFY, Senior
District Judge.**

Curtis Scott contends the state trial court violated his Sixth Amendment right

to represent himself under *Faretta v. California*, 422 U.S. 806 (1975). The

California Court of Appeal rejected that claim because it concluded that Scott did

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Kevin Thomas Duffy, Senior District Judge for the
U.S. District Court for the Southern District of New York, sitting by designation.

not make an unequivocal request to represent himself and did not knowingly, intelligently, and voluntarily waive his right to counsel.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Fairminded jurists could disagree about the correctness of the state court's determination that Scott fell short of invoking *Faretta*.

First, the California Court of Appeal did not unreasonably apply *Faretta* in concluding that Scott never unequivocally requested to represent himself. Scott several times asked to represent himself immediately after being told he could not have a new attorney, and he ignored many of the court's invitations to confirm his inclination to represent himself. Against the backdrop of Scott's lamentable experience with a string of attorneys, it was never clear to the court whether Scott truly wished to represent himself or simply wanted to meet with an effective attorney.

Second, even if Scott unequivocally asserted his right to self-representation, the California Court of Appeal reasonably found that he did not do so knowingly, intelligently, and voluntarily. Scott insisted that his request was "involuntary" and

made only "under duress." He refused to fill out a *Faretta* form because he thought it contained objectionable "stipulated terms" and "forced" him to "acknowledge responsibilities." The state court reasonably concluded on the basis of these and similar statements that Scott was not willing to take on the risks of mounting his own defense.

To the extent that Scott's brief raises uncertified issues, we construe his arguments as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**